IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN E. FORTNEY,

                                                                      ORDER

                         Petitioner,

                                                                    08-cv-646-slc

     v.

TIMOTHY REICHENBERGER and
DAVID DONOVAN,

                       Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the sole purpose of issuing this order, I am assuming jurisdiction over the case.

This is a civil case for monetary compensation brought under 42 U.S.C. § 1983. Petitioner Steven Fortney, an inmate at the Wisconsin Resource Center in Winnebago, Wisconsin, contends that his constitutional right to due process was violated when he was put in segregation without a lock-up order.  Petitioner has paid the $350 fee for filing this case.  In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously.  Haines v. Kerner, 404 U.S. 519, 521 (1972).  However, if the litigant is a prisoner, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if the prisoner has had three or more lawsuits or appeals dismissed for lack of legal merit, or if the prisoner's complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. § 1915A.

I conclude that petitioner has failed to state a claim upon which relief may be granted. Therefore, I will dismiss his case.  Further, petitioner's motion to amend his complaint, dkt. #2, by adding three new respondents will be denied.  Adding the new respondents would not change the fact that he fails to state a claim.

In his complaint, petitioner alleges the following facts.

## ALLEGATIONS OF FACT

### A.  Parties

2

Petitioner Steven Fortney is a prisoner confined at the Wisconsin Resource Center in Winnebago, Wisconsin.  Respondent Timothy Reichenberger is the institutions unit supervisor at the Wisconsin Resource Center.  David Donovan is the psychiatric care supervisor at the Wisconsin Resource Center.

### B.  Petitioner's Institutional Punishment

On May 25, 2008, respondent Reichenberger told petitioner that he could move into cell 114 so that he could have a single-bunked cell.  On May 27, 2008, another inmate was moved into cell 114.  Petitioner was angry about having a cell mate and asked to be taken into protective custody.  Instead, he was put into segregation and told that the reason was his refusal to double-bunk.  However, he had never refused to double-bunk; he had merely requested to be single-bunked.

Petitioner was placed in a segregation for 21 days.  While in segregation, petitioner was not allowed to watch television, listen to the radio, receive his mail, use a razor, have contact with other inmates or attend classes.  Petitioner did not receive a temporary lock-up order before he was placed in segregation.  On June 17, 2008, petitioner was transferred to a "lock down unit."  On September 29, 2008, petitioner was released to an open unit.  Petitioner had been kept out of an open unit for 126 days.

3

DISCUSSION

I understand petitioner to be contending that his due process rights were violated because he was put into solitary confinement and into a "lock down unit" without a temporary lock-up order. In <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995), the Supreme Court held that prisoners are not entitled to *any* process under the Constitution unless the discipline they receive increases their duration of confinement or subjects them to an "atypical and significant" hardship. If the discipline does not fall into one of these categories, a prisoner has no recourse under the due process clause, even if he did not receive a hearing or even if the charge against him was a lie.

The punishment that petitioner received does not meet the demanding <u>Sandin</u> standard. Petitioner's sentence was not extended; rather, he was placed in segregation for a period of time. Such discipline may seem both "atypical and significant" to petitioner, but the Supreme Court has held the opposite. The Court concluded in <u>Sandin</u> that a limited placement in disciplinary segregation does not trigger due process protections. <u>Id.</u> at 485-86. <u>See also</u> <u>Townsend v. Fuchs</u>, 522 F.3d 765, 770-72 (7th Cir. 2008) (time in segregation does not trigger due process clause unless time is indefinite); <u>Lekas v. Briley</u>, 405 F.3d 602, 612 (7th Cir. 2005); <u>Hoskins v. Lenear</u>, 395 F.3d 372, 374-75 (7th Cir. 2005). Accordingly, petitioner's due process claim must be dismissed for his failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that

1. Petitioner Steven Fortney's due process claim is DISMISSED for failure to state a claim upon which relief may be granted;

2. Petitioner's motion to amend his complaint is DENIED;

3. A strike will be recorded against petitioner pursuant to § 1915(g); and

4. The clerk of court is directed to close the file.

Entered this 17th day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge